Benjamin F. Birdwell v. Commissioner.
Birdwell v. Commissioner
Docket No. 49809.
United States Tax Court
T.C. Memo 1955-220; 1955 Tax Ct. Memo LEXIS 118; 14 T.C.M. (CCH) 875; T.C.M. (RIA) 55220; August 8, 1955
Herman M. Baginsky, Esq., Whitney Building, New Orleans, La., for the petitioner. James F. Hoge, Jr., Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined deficiencies in income tax and penalties for 1950 as follows: Tax, $4,031.21; section 294(d)(2) penalty, $390.94; section 294(d)(1)(B) *119 penalty, $162.02. The principal issue is the deductibility by petitioner of payments made under a decree of divorce. [Findings of Fact] All of the facts have been stipulated and are hereby found in accordance with the stipulation. Petitioner filed an individual income tax return for the year in issue with the collector at New Orleans. On December 19, 1950 a decree of divorce was entered in a proceeding in which petitioner was defendant. Among other things it required payment of "(1) * * * the total sum of Fourteen Thousand Six Hundred Dollars ($14,600.00) in the following manner: "(a) * * * Two Thousand Dollars ($2,000.00) is to be paid to this plaintiff in cash immediately at the conclusion of this case, at the same time the deed and bill of sale hereinbelow provided for are tendered. "(b) The balance of Twelve Thousand, Six Hundred Dollars ($12,600.00) shall be paid in monthly installments of One Hundred and ninety Dollars ($190.00) each month beginning the first of December, 1950, and payable each and every consecutive month thereafter until the entire Twelve Thousand Six Hundred Dollars ($12,600.00) is paid in full, said payments to be made in approximately five *120 years seven months time. No interest is to be charged on said amount and the monthly payments are to be made prior to the tenth day of each and every consecutive and successive month; provided, however, that in the event the plaintiff should die or remarry, then the monthly payments to be made by the defendant shall cease and the defendant shall no longer be liable for the remaining balance in case either of the two contingencies occurs; however in either case only the payments shall stop and the title to the house and furniture as hereinafter agreed and provided for, and alimony money already paid shall not be altered or changed in any respect. It is further agreed that in the event of the death of the defendant before all of the alimony payments are completed, then there shall be no further payments required of the defendant's executor, heirs or assigns. "(c) In the event the defendant should elect to pay more than the One Hundred and Ninety Dollars ($190.00) per month, he may do so and be given credit on the remaining balance. "(2) In addition to the foregoing, the defendant hereby agrees and binds himself to transfer all of his equity and interest in and to certain real property *121 located at 1224 Larue Avenue, Louisville, Kentucky, to this plaintiff by quitclaim deed, said real property now being owned jointly by the plaintiff and defendant * * * said quitclaim deed to be delivered by the defendant to the plaintiff at a time no later than the conclusion of this action, and which transfer is alimony to plaintiff in addition to the cash payments hereinabove provided for; provided, however, the plaintiff is to assume the remaining balance of a note secured by a mortgage on said real property in favor of the Commonwealth Life Insurance Company, * * * the balance as of November 7, 1950, being Two Thousand Seven Hundred Thirty-Three Dollars and ninety-two cents ($2,733.92), said mortgage and note being executed jointly by the plaintiff and defendant; and in consideration of the foregoing and the following provisions and upon execution of them by the defendant, this plaintiff hereby agrees to assume in full the entire remaining liability on said mortgage note and mortgage without any obligation imposed on the defendant. "(3) In further addition to the foregoing, the defendant further agrees and binds himself to transfer to the plaintiff on or before the date of final *122 action in this matter all of his title, interest and equity in and to the furniture, household effects, appliances and all other goods and chattels now located at 1224 Larue Street, Louisville, Kentucky, and which transfer is alimony to plaintiff in addition to the cash payments and transfer of real property hereinabove provided for. "(4) Out of the aforementioned alimony payments the plaintiff is to pay her attorneys for legal services performed in this action. The defendant hereby agrees to pay the actual court costs of this action. "(5) In consideration of the above, the plaintiff hereby releases the defendant from any and all claims and obligations for past, present and future alimony or maintenance and support for herself and she does further release and relinquish to the defendant, his heirs, executors, administrators and assigns all rights and claims by way of dower, inheritance and descent in and to any property now owned or hereafter acquired by him, and all rights to a distributive share in personal property now owned or hereafter acquired by him and all rights and claims of every kind and nature arising out of said marriage relation, except as otherwise provided hereinabove. *123 The defendant, in view of the consideration above, hereby likewise releases the plaintiff from any and all claims and obligations of any character whatsoever and as to all rights of inheritance, curtesy or descent, in and to the same extent as above set forth in plaintiff's release of defendant." By checks dated December 6 and 7, 1950 petitioner paid the sums of $2,000 and $190 in cash and by deed dated December 6, 1950 transferred the real property and delivered the personal property referred to, the value of petitioner's interest therein being agreed by the parties to be $4,861.35 and $1,000, respectively. This total sum of $8,051.35 he deducted as alimony paid in 1950. Reduced to its essence the primary issue is whether these transfers were "Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree * * *." If they were, their inclusion in the wife's income and deduction by the husband is expressly forbidden by sections 22(k) and 23(u) of the statute. [1]
*124 [Opinion] The question is answered in the affirmative by John A. Isfalt, 24 T.C. - (June 24, 1955), from which this proceeding is indistinguishable in principle. Under the authority of that case the money payments were clearly installments of the principal sum of $14,600 specified in the decree and the property transferred was not even an installment. It encompassed petitioner's entire liability under what was obviously in part a property settlement, with or without taking account of the community property concepts of Louisiana jurisprudence. That there were contingencies here under which subsequent events might reduce the total sum payable (but not the property or cash already transferred) is no different from the Isfalt case. In fact, as that case emphasizes, the conditions here were identical with those in , where the expression of an explicit principal sum in the agreement was held, affirming the Tax Court, to preclude that part of the deduction by the husband. Nor can we approve the suggestion that use of the term "alimony" so characterizes the payments and describes the intention of the parties *125 as to inhibit examination of the provisions of the decree on their merits. Regardless of the hopes or desires of one, or even of both, parties to the litigation, the substantive provisions of the decree must speak for themselves in applying to them specific language of the Federal taxing statutes and in assuring that the substance and not merely the verbal ornament shall govern. See , [ reversed other grounds (C.A. 2) . Because it is not discussed by the parties we are reluctant to rest the present result on another phase of the matter. But the fact seems to be that the payments of cash and conveyance of property took place on December 6 and December 7, 1950 whereas the decree was not entered until December 19. The statute expressly requires that, to be deductible, payments must be "received subsequent to such decree." In fact, the burden of an affirmative showing in this respect rested upon petitioner. Certainly this has not been discharged. In any event, for the reason first discussed we reject the assertion *126 that any payments under the divorce decree were deductible. Several minor issues remain to be disposed of. It is not clear whether the item claimed as depreciation of an automobile is being pressed by petitioner. No evidence appears to be explicitly addressed to that question, it is not argued on brief, nor assigned as error in the petition. For the last reason, if for no other, respondent's determination must be approved. , affd. (without consideration [of] this issue) (C.A. 5) . For similar reasons petitioner is foreclosed from contesting the penalty determinations. When failure to include them in the assignments of error was called to the attention of petitioner's counsel at the hearing, no effort was made to amend the pleadings. See Had an amendment been requested and allowed respondent would have been advised of the issues he was required to meet. As it is, such an assumption cannot be indulged in. But were we to be permitted to consider the question on its merits the petitioner's position could not be sustained. Unlike the section 294(d)(1)(B) penalty *127 for failure to pay installments, [2] the exaction under section 294(d)(2) for substantial underestimate of tax [3] carries no exception for a failure due to reasonable cause and not to willful neglect. As we understand it, petitioner makes no claim to inclusion in any of the expressed exceptions, but only that he acted on advice of counsel. This has been effective as a bar to imposition of penalties where the excuse of lack of negligence is included in the statute and found to be sustained. But that is not the present situation. *128 Petitioner's defense to the penalty for failure to pay is that the delay was short and the amounts comparatively small. Likewise, the penalty itself is comparatively small, although that of course would be no justification if the penalty were improperly imposed. But, as we understand the facts, the underpayment was due to a claim by petitioner to credit for an overpayment of tax for the prior year of $1,142.20; an amount which had already been refunded to petitioner and hence was not available as an offset to his current tax liability. It seems to us so improbable that a refund of in excess of a thousand dollars would have been overlooked or forgotten by a taxpayer that we could not conclude that failure to pay was due to reasonable cause. Were it not for this negligent error no reason appears why the payments should not have been made on time. We are unable to discern any evidence of reasonable cause. Decision will be entered for the respondent. Footnotes
1. Internal Revenue Code of 1939. SEC. 22. GROSS INCOME. (k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support, shall be considered a payment for such support. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. For the purposes of the preceding sentence, the portion of a payment of the principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be considered an installment payment for the taxable year in which it is received.↩
2. Internal Revenue Code of 1939. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. (d) Estimated Tax. - (1) Failure to File Declaration or Pay Installment of Estimated Tax. - * * *
(B) Failure to Pay Installments of Estimated Tax Declared. - Where a declaration of estimated tax has been made and filed within the time prescribed, or where a declaration of estimated tax has been made and filed after the time prescribed and the Commissioner has found that failure to make and file such declaration within the time prescribed was due to reasonable cause and not to willful neglect, in the case of a failure to pay an installment of the estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of the unpaid amount of such installment, and in addition 1 per centum of such unpaid amount for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. ↩
3. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. (d) Estimated Tax. - * * *
(2) Substantial Underestimate of Estimated Tax. - If 80 per centum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals other than farmers exercising an election under section 60 (a), or 66 2/3 per centum of such tax so determined in the case of such farmers, exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. This paragraph shall not apply to the taxable year in which falls the death of the taxpayer, nor, under regulations prescribed by the Commissioner with the approval of the Secretary, shall it apply to the taxable year in which the taxpayer makes a timely payment of estimated tax within or before each quarter (excluding, in case the taxable year begins in 1943, any quarter beginning prior to July 1, 1943) of such year (or in the case of farmers exercising an election under section 60(a), within the last quarter) in an amount at least as great as though computed (under such regulations) on the basis of the taxpayer's status with respect to the personal exemption and credit for dependents on the date of the filing of the declaration for such taxable year (or in the case of any such farmer, or in case the fifteenth day of the third month of the taxable year occurs after July 1, on July 1 of the taxable year) but otherwise on the basis of the facts shown on his return for the preceding taxable year. In the case of taxable years beginning prior to October 1, 1950, and ending after September 30, 1950, the additions to tax prescribed by this subsection shall not be applicable if the taxpayer failed to meet the 80 per centum and 66 2/3 per centum requirements of this paragraph by reason of the increase in normal tax and surtax on individuals imposed by section 101 of the Revenue Act of 1950. In the case of taxable years beginning prior to November 1, 1951, and ending after October 31, 1951, the additions to tax prescribed by this subsection shall not be applicable if the taxpayer failed to meet the requirements of this paragraph by reason of the increase in rates of tax on individuals imposed by the Revenue Act of 1951.↩